U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY -1 2018
CLERK, U.S. DISTRICT COURT
By_____
    Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JAMES CANNON, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | No. 4:17-CV-627-A |
| § | |
| LEIGHTON ISLES, Director, § | |
| Tarrant County Community § | |
| Supervision and Corrections § | |
| Department, § | |
| § | |
| Respondent. § | |

**MEMORANDUM OPINION**
**and**
**ORDER**

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, James Cannon, against Leighton Isles, director of the Tarrant County Community Supervision and Corrections Department, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed for lack of jurisdiction.

### I. Factual and Procedural History

On January 27, 2017, pursuant to a plea bargain agreement, petitioner pleaded guilty in Tarrant County, Texas, Case No. 1469969D, to theft of less than $2500 with two previous theft convictions and was sentenced to 7 months' confinement in a state jail facility. (Resp't's App. Ex. A 1, doc. 9.) Telephonic communication with the parole division of the Texas Department of Criminal Justice on this date confirms that petitioner discharged

his 7-month sentence on April 13, 2017. This petition was filed on July 31, 2017.

## II. Subject Matter Jurisdiction

This court has the duty to assure that it has jurisdiction over the matters before it. *See Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999); *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). Generally, for this court to have subject matter jurisdiction over a claim under § 2254, the petitioner must be "in custody" pursuant to the underlying conviction the subject of the proceeding. 28 U.S.C. § 2241(c)(3); *Lackawanna County Dist. Att'y v. Coss*, 532 U.S. 394, 394 (2001); *Maleng v. Cook*, 490 U.S. 488, 492 (1989). A federal court lacks subject matter jurisdiction to entertain a § 2254 action if, at the time the habeas petition is filed, the prisoner is not "in custody" under the conviction and sentence he seeks to attack. *Maleng,* 490 U.S. at 490-91.

Petitioner states on the face of his petition that he was in "constructive custody" at the time he filed the petition, thus the court was mistakenly under the impression that he had been conditionally released from his immediate physical imprisonment and remained under the supervision of respondent. However, he was no longer confined under his conviction and sentence, his sentence having been fully discharged in April. A person is considered to be in physical custody if he is being physically

detained. Therefore, one cannot be deemed in constructive custody unless he is conditionally released with restraints on his personal liberty. *Jones v. Cunningham*, 371 U.S. 236, 243 (1963). Petitioner was unconditionally released from custody in April 2017, because he had satisfied the conditions of his state sentence. As a result, he cannot satisfy the "in custody" requirement of § 2241(c)(3) and may not now challenge the conviction directly in a § 2254 petition. *Garlotte v. Fordice*, 515 U.S. 39, 45 (1995); *Maleng*, 490 U.S. at 492-93.

For the reasons discussed herein,

It is ORDERED that the petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed with prejudice for lack of subject matter jurisdiction and that a certificate of appealability be, and is hereby, denied. It is further ORDERED that respondent's motion to be dismissed as a party to the action be, and is hereby, granted.

SIGNED May ___1___, 2018.

_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE

3